**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                    Case Number: 09-14575

v.                                        JULIAN ABELE COOK
                                            UNITED STATES DISTRICT COURT

BRUCE BUFORD,

                                            VIRGINIA M. MORGAN
        Defendant.               UNITED STATES MAGISTRATE JUDGE

_____ /

**REPORT AND RECOMMENDATION
AFFIRMING THE WRIT OF CONTINUING GARNISHMENT**

This matter comes before the court on Defendant Bruce Buford's objection to a writ of continuing garnishment issued by the government to the Michigan Department of Treasury for the garnishment of Buford's state tax refunds. (Doc. No. 14). The writ was issued on May 25, 2010, and Buford filed a request for a hearing on the writ of garnishment on June 2, 2010. The government filed a response to Buford's request for a hearing on June 23, 2010. (Doc. No. 16). The magistrate judge heard oral argument on August 4, 2010.

This writ of garnishment arises from Buford's default on a $2,625 student loan issued to him in 1988. (Compl. Ex. 1, Certificate of Indebtedness). Buford defaulted on the loan on December 4, 1990. *Id.* After collection attempts by the loan holder and guarantor failed, the guarantor assigned its rights and title to the loan to the Department of Education. *Id.* The government, on behalf of the Department of Education, thereafter filed this collections action against Buford in this court. (Doc. No. 1). At the time the complaint was filed, Plaintiff owed $2,799.78 in principal and

1

$4,081.71 in interest, which totals to $6,881.49. (Compl. ¶ 3). Plaintiff did not answer the complaint, and a clerk's default judgment in the amount of $7,321.08 was entered against him on April 19, 2010. (Doc. No. 10). The writ of garnishment, for the collection of any present or future tax refund, was issued on May 25, 2010. (Doc. No. 15). The garnishee-defendant, the Michigan Department of Treasury, has not filed a disclosure. It is not, therefore, apparent whether the Michigan Department of Treasury is holding any monies belonging to Buford.

In his request for a hearing on the garnishment, Buford states that he is unable to pay his debt because he is indigent and homeless as a result of incarceration. (Doc. No. 14). The government responds that Buford has not set forth a valid objection to the writ of continuing garnishment and, in any event, because there is no evidence that the Michigan Department of Treasury owes Buford money, his objection is moot. (Doc. No. 16).

Having reviewed the briefs and heard oral argument, the court recommends that Buford's objection to the writ of continuing garnishment be denied. Buford is not presently working and he does not anticipate receiving a tax refund from the Michigan Department of Treasury. Buford assented at the hearing to the garnishment of any future tax refunds.

It should be noted that Buford was seventeen when he entered into this loan agreement and the loan proceeds were dispersed directly to the school. Buford also stated at the hearing that he completed the academic requirements for the degree or certificate that he was seeking but the school never conferred a diploma or certificate on him. Also, it appears that Buford's true objection to the garnishment is the circumstances under which the loan was made, he understood it to be a grant, and the amount of interest now owing, over $4,000, on a $2,700 debt. The government instructed Buford to call their offices if he wanted to work on reducing the balance owed.

In conclusion, because Buford did not have a true objection to the writ of continuing garnishment and it does not appear that there is any tax refund to garnish, the court recommends allowing the writ of continuing garnishment stand.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        S/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: August 18, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Bruce Buford via the Court's ECF System and/or U. S. Mail on August 18, 2010.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan